Lisa T. Simpson
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

    - and -

Neel Chatterjee (admitted *pro hac vice*)
Robert W. Ricketson (admitted *pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

Attorneys for Defendant VideoEgg Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPITOL RECORDS, LLC, a Delaware limited liability company; CAROLINE RECORDS, INC., a New York Corporation; VIRGIN RECORDS AMERICA, INC., a California Corporation; EMI BLACKWOOD MUSIC, INC., a Connecticut Corporation; EMI APRIL MUSIC, INC., a Connecticut Corporation; EMI FULL KEEL MUSIC, INC., a duly licensed Corporation; EMI VIRGIN MUSIC, INC., a New York Corporation; EMI ROBBINS CATALOG, INC., a New York Corporation; EMI WATERFORD MUSIC, INC., a California Corporation; EMI GROVE PARK MUSIC, INC., a California Corporation; COLGEMS-EMI MUSIC, INC., a Delaware Corporation; and EMI VIRGIN SONGS, INC., a New York Corporation, | 08-Civ-05831 (HB) (DCF) |
| Plaintiffs, | **ANSWER ON BEHALF OF VIDEOEGG, INC.** |
| vs. | **DEMAND FOR JURY TRIAL** |
| VIDEOEGG INC., d/b/a VIDEOEGG.COM, a Delaware Corporation; HI5 NETWORKS, INC., d/b/a HI5.COM, a California Corporation; and DOES 1-10, inclusive, | |
| Defendants. | |

Defendant VideoEgg, Inc., d/b/a VideoEgg.com ("VideoEgg"), by and through its undersigned counsel, hereby answers the complaint of Plaintiffs Capital Records, LLC, et al. filed on June 27, 2008, as follows:

## PRELIMINARY STATEMENT

1.      VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiffs' copyright ownership, set forth in paragraph 1, and on that basis denies those allegations. VideoEgg denies each and every other allegation set forth in paragraph 1.

2.      VideoEgg admits that it previously offered technology and services to other business entities operating websites related to user generated video. VideoEgg admits that it had a business relationship with Hi5 Networks, Inc. ("Hi5"), under which it provided video-related technology and services to Hi5. VideoEgg has no knowledge that any sound recordings or musical compositions protected by copyrights owned by plaintiffs were ever included in videos uploaded by users of Hi5, and, on that basis, denies those allegations. Except as expressly admitted herein, VideoEgg denies each and every allegation of paragraph 2.

3.      VideoEgg admits that beginning on or about September 25, 2006, it implemented a process for reviewing frames of videos as part of its video service. VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of any allegations in this paragraph regarding Hi5 and its conduct, and on that basis denies those allegations. Except as expressly admitted herein, VideoEgg denies each and every allegation set forth in paragraph 3.

## JURISDICTION AND VENUE

4.      VideoEgg admits that Plaintiffs purport to allege a civil action seeking damages and injunctive relief under the Copyright Act, 17 U.S.C. § 101 et seq., and for misappropriation and unfair competition under the laws of the State of New York.

5.      Paragraph 5 sets forth a legal conclusion to which no response is required.

6.      VideoEgg consents to the personal jurisdiction of this Court, but denies that Plaintiffs are, as the result of any act or omission of VideoEgg, suffering harm in this district as set forth in paragraph 6

7.      Paragraph 7 sets forth a legal conclusion to which no response is required.

## THE PARTIES

8.      VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 and on that basis denies those allegations.

9.      VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 and on that basis denies those allegations.

10.     VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 and on that basis denies those allegations.

11.     VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 and on that basis denies those allegations.

12.    VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 and on that basis denies those allegations..

13.    VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 13 and on that basis denies those allegations.

14.    VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 14 and on that basis denies those allegations.

15.    VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 15 and on that basis denies those allegations.

16.    VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 16 and on that basis denies those allegations.

17.    VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 17 and on that basis denies those allegations.

18.    VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 18 and on that basis denies those allegations.

19.    VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 19 and on that basis denies those allegations

20.    VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 20 and on that basis denies those allegations.

21.    VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 21 and on that basis denies those allegations.

22.    Paragraph 22 includes multiple legal conclusions to which no response is required.  To the extent paragraph 22 includes allegations of fact, VideoEgg lacks knowledge or information sufficient to form a belief as the truth or falsity of those allegations, and on that basis denies them.

23.    VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 23 and on that basis denies those allegations.

24.    VideoEgg admits that it is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in San Francisco, California.  Except as expressly admitted herein, VideoEgg denies each and every allegation set forth in paragraph 24.

25.    VideoEgg lacks information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 25 regarding Hi5 and denies those allegations on that basis.   VideoEgg denies each and every other allegation of paragraph 25.

26.    VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 26 and on that basis denies those allegations.

27.    VideoEgg denies each and every allegation set forth in paragraph 27.

28.    VideoEgg admits that it operates an Internet website accessible through the Uniform Resource Locater ("URL") of www.videoegg.com, but VideoEgg otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 28 and on that basis denies those allegations.

29.    VideoEgg admits that it has characterized itself as "the leading video ad network for online communities," and that it "connect[s] brands and content owners with people through an invitation-based rich media approach to advertising." These descriptions, however, relate to services and technology that VideoEgg provides its customers at the present time and do not relate to the services and technology VideoEgg previously provided to Hi5, nor do they relate to videos uploaded by users of Hi5 or any other site. Except as expressly admitted herein, VideoEgg denies each and every allegation set forth in paragraph 29.

30.    VideoEgg admits that it currently provides video services related to user generated videos to one social networking website. VideoEgg admits that it inserts advertisements into videos on some, but not all, occasions. Except as expressly admitted herein, VideoEgg denies each and every allegation set forth in paragraph 30.

31.    VideoEgg admits that it currently provides user-generated services and technology to one social networking website. VideoEgg admits that beginning on or about September 25, 2006, it implemented a process for reviewing and screening

frames of videos as part of its service.  Except as expressly admitted herein, VideoEgg

denies each and every allegation of paragraph 31.

32.    VideoEgg admits it currently provides certain video-related services and

technology for user-generated videos for one social networking website.  Except as

expressly admitted herein, VideoEgg denies each and every allegation of paragraph

32.

33.    VideoEgg lacks sufficient information to admit and or deny this allegation,

on that basis, denies each and every allegation of  paragraph 33.

34.    VideoEgg admits that VideoEgg has added advertising to some but not all,

videos supported by its legacy service.  VideoEgg admits that it derived revenue from

some of the advertising.  Except as expressly admitted herein, VideoEgg denies each

and every allegation of paragraph 34.

35.    VideoEgg admits that it implemented  a process for reviewing and

screening certain frames of video content on or about September 25, 2006.  VideoEgg

admits that a purpose of that review process was to assure advertisers that their

advertisements would be associated with "safe" videos—i.e. videos that did not

contain offensive, obscene or otherwise inappropriate content.  VideoEgg expressly

denies having knowledge at any time that any videos uploaded by Hi5's users prior to

the termination of the service included material that would infringe plaintiffs' rights

under copyright law.  Except as expressly admitted herein, VideoEgg denies each and

every allegation of paragraph 35.

36.     VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 36 and on that basis denies those allegations.

37.     VideoEgg admits that it previously had a business relationship with Hi5 as described in paragraph 2 above.  VideoEgg lacks knowledge or information sufficient to form a belief as to the truth of falsity of the allegations set forth in paragraph 37 relating to the conduct of Hi5 or its users, and on that basis denies those allegations. Except as expressly admitted herein, VideoEgg denies each and every allegation of paragraph 37.

38.     VideoEgg admits that it previously had a business relationship with Hi5 as described in paragraph 2 above. Except as expressly admitted herein, VideoEgg denies each and every allegation of paragraph 38.

39.     VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 39 and on that basis denies those allegations.

40.     VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 40 and on that basis denies those allegations.

41.     VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 41 and on that basis denies those allegations..

42.    VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 42 and on that basis denies those allegations.

43.    VideoEgg lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 43 and on that basis denies those allegations.

44.    In response to paragraph 44, VideoEgg repeats and realleges its responses to paragraphs 1 through 43 as though fully set forth herein.

45.    Paragraph 45 includes multiple legal conclusions to which no response is required. To the extent paragraph 45 includes allegations of fact, VideoEgg denies each and every such allegation.

46.    Paragraph 46 includes multiple legal conclusions to which no response is required.

47.    Paragraph 47 includes multiple legal conclusions to which no response is required.

48.    Paragraph 48 includes multiple legal conclusions to which no response is required. To the extent paragraph 48 includes allegations of fact, VideoEgg denies each and every such allegation.

49.    Paragraph 49 includes multiple legal conclusions to which no response is required.

50.    Paragraph 50 includes multiple legal conclusions to which no response is required. To the extent paragraph 50 includes allegations of fact, VideoEgg denies each and every such allegation.

51.    In response to paragraph 51, VideoEgg repeats and realleges its response to paragraphs 1 through 43 as though fully set forth herein.

52.    Paragraph 52 includes multiple legal conclusions to which no response is required. To the extent paragraph 52 includes allegations of fact, VideoEgg denies each and every such allegation.

53.    Paragraph 53 includes multiple legal conclusions to which no response is required.

54.    Paragraph 54 includes multiple legal conclusions to which no response is required.

55.    Paragraph 55 includes multiple legal conclusions to which no response is required. To the extent paragraph 55 includes allegations of fact, VideoEgg denies each and every such allegation.

56.    Paragraph 56 includes multiple legal conclusions to which no response is required.

57.    Paragraph 57 includes multiple legal conclusions to which no response is required. To the extent paragraph 57 includes allegations of fact, VideoEgg denies each and every such allegation.

58.    In response to paragraph 58, VideoEgg repeats and realleges its response to paragraphs 1 through 43 as though fully set forth herein.

59.    Paragraph 59 includes multiple legal conclusions to which no response is required. To the extent paragraph 59 includes allegations of fact, VideoEgg denies each and every such allegation.

60.    Paragraph 60 includes multiple legal conclusions to which no response is required.  To the extent paragraph 60 includes allegations of fact, VideoEgg denies each and every such allegation.

61.    Paragraph 61 includes multiple legal conclusions to which no response is required.

62.    Paragraph 62 includes multiple legal conclusions to which no response is required.

63.    Paragraph 63 includes multiple legal conclusions to which no response is required.  To the extent paragraph 63 includes allegations of fact, VideoEgg denies each and every such allegation.

64.    Paragraph 64 includes multiple legal conclusions to which no response is required.

65.    Paragraph 65 includes multiple legal conclusions to which no response is required.  To the extent paragraph 65 includes allegations of fact, VideoEgg denies each and every such allegation.

66.    In response to paragraph 66, VideoEgg repeats and realleges its response to paragraphs 1 through 43 as though fully set forth herein.

67.    Paragraph 67 includes multiple legal conclusions to which no response is required.  To the extent paragraph 67 includes allegations of fact, VideoEgg denies each and every such allegation.

68.    Paragraph 68 includes multiple legal conclusions to which no response is required.  To the extent paragraph 68 includes allegations of fact, VideoEgg denies each and every such allegation.

69.     Paragraph 69 includes multiple legal conclusions to which no response is required.

70.     Paragraph 70 includes multiple legal conclusions to which no response is required.

71.     Paragraph 71 includes multiple legal conclusions to which no response is required. To the extent paragraph 71 includes allegations of fact, VideoEgg denies each and every such allegation.

72.     Paragraph 72 includes multiple legal conclusions to which no response is required.

73.     Paragraph 73 includes multiple legal conclusions to which no response is required. To the extent paragraph 73 includes allegations of fact, VideoEgg denies each and every such allegation.

74.     In response to paragraph 74, VideoEgg repeats and realleges its response to paragraphs 1 through 43 as though fully set forth herein.

75.     Paragraph 75 includes multiple legal conclusions to which no response is required. To the extent paragraph 75 includes allegations of fact, VideoEgg denies each and every such allegation.

76.     Paragraph 76 includes multiple legal conclusions to which no response is required. To the extent paragraph 76 includes allegations of fact, VideoEgg denies each and every such allegation.

77.     Paragraph 77 includes multiple legal conclusions to which no response is required.

78.      Paragraph 78 includes multiple legal conclusions to which no response is required.

79.      Paragraph 79 includes multiple legal conclusions to which no response is required.

80.      Paragraph 80 includes multiple legal conclusions to which no response is required. To the extent paragraph 80 includes allegations of fact, VideoEgg denies each and every such allegation.

81.      Paragraph 81 includes multiple legal conclusions to which no response is required.

82.      Paragraph 82 includes multiple legal conclusions to which no response is required. To the extent paragraph 82 includes allegations of fact, VideoEgg denies each and every such allegation.

83.      In response to paragraph 83, VideoEgg repeats and realleges its response to paragraphs 1 through 43 as though fully set forth herein.

84.      Paragraph 84 includes multiple legal conclusions to which no response is required. To the extent paragraph 84 includes allegations of fact, VideoEgg denies each and every such allegation.

85.      Paragraph 85 includes multiple legal conclusions to which no response is required. To the extent paragraph 85 includes allegations of fact, VideoEgg denies each and every such allegation.

86.      Paragraph 86 includes multiple legal conclusions to which no response is required.

87.      Paragraph 87 includes multiple legal conclusions to which no response is required.

88.      Paragraph 88 includes multiple legal conclusions to which no response is required.

89.      Paragraph 89 includes multiple legal conclusions to which no response is required. To the extent paragraph 89 includes allegations of fact, VideoEgg denies each and every such allegation.

90.      Paragraph 90 includes multiple legal conclusions to which no response is required.

91.      Paragraph 90 includes multiple legal conclusions to which no response is required. To the extent paragraph 90 includes allegations of fact, VideoEgg denies each and every such allegation.

92.      In response to paragraph 92, VideoEgg repeats and realleges its response to paragraphs 1 through 43 as though fully set forth herein.

93.      Paragraph 93 includes multiple legal conclusions to which no response is required. To the extent paragraph 93 includes allegations of fact, VideoEgg is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations and on that basis denies them.

94.      VideoEgg is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 94 and on that basis denies those allegations.

95.    Paragraph 95 includes multiple legal conclusions to which no response is required. To the extent paragraph 95 includes allegations of fact, VideoEgg denies each and every such allegation.

96.    Paragraph 96 includes multiple legal conclusions to which no response is required. To the extent paragraph 96 includes allegations of fact, VideoEgg denies each and every such allegation.

97.    Paragraph 97 includes multiple legal conclusions to which no response is required. To the extent paragraph 97 includes allegations of fact, VideoEgg denies each and every such allegation.

98.    Paragraph 98 includes multiple legal conclusions to which no response is required. To the extent paragraph 98 includes allegations of fact, VideoEgg denies each and every such allegation.

99.    In response to paragraph 92, VideoEgg repeats and realleges its response to paragraphs 1 through 43 as though fully set forth herein.

100.    VideoEgg is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 100, and on that basis denies those allegations.

101.    VideoEgg is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 101, and on that basis denies those allegations.

102.    Paragraph 102 includes legal conclusions to which no response is required.

103.    Paragraph 103 includes multiple legal conclusions to which no response is required. To the extent paragraph 103 includes allegations of fact, VideoEgg denies each and every such allegation.

104.    Paragraph 104 includes multiple legal conclusions to which no response is required. To the extent paragraph 104 includes allegations of fact, VideoEgg denies each and every such allegation.

105.    Paragraph 105 includes multiple legal conclusions to which no response is required. To the extent paragraph 105 includes allegations of fact, VideoEgg denies each and every such allegation.

106.    Paragraph 106 includes multiple legal conclusions to which no response is required. To the extent paragraph 106 includes allegations of fact, VideoEgg denies each and every such allegation.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.    Plaintiffs' claims each fail to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.    Plaintiffs' claim is barred by the limitations on copyright liability set forth in the Digital Millennium Copyright Act, Title 17, § 512, of the United States Code.

## THIRD AFFIRMATIVE DEFENSE

3.      On information and belief, the use of the Copyrighted works, if any, is a fair use because of reasons including but not limited to the fact that the use is user generated content.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.  The facts giving rise to these affirmative defenses include, but are not limited to, Plaintiffs' failure to notify VideoEgg of their belief that one or more uploaded video included material infringing Plaintiffs' copyrights, and Plaintiffs' failure to identify any allegedly infringing material despite VideoEgg's numerous requests for them to do so.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiffs' claims are barred in whole or in part by the doctrine of copyright misuse.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiffs' claims are barred in whole or in part based on the doctrine of substantial non-infringing use, although Defendant submits that Plaintiffs bear the burden of proving the doctrine's inapplicability.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate their damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

8.    Plaintiffs' damages, if any, are limited by Defendant's innocent intent.

## RESERVATION OF RIGHTS

VideoEgg hereby gives notice that it may rely upon any additional affirmative defenses that become available or apparent during discovery, and thus reserves the right to amend its Answer to assert such additional defenses.

## JURY DEMAND

Defendant hereby demands a trial by jury of all issues so triable in this case.

WHEREFORE, Defendant VideoEgg respectfully prays that judgment be entered in its favor (i) dismissing the Plaintiffs' Complaint, and all claims and causes of action asserted herein, with prejudice; (ii) awarding VideoEgg its costs, disbursements and reasonable attorneys' fees in accordance with 17 U.S.C. § 505; and (iii) granting such other and further relief in favor of VideoEgg and against Plaintiffs as the Court may deem just and proper.

Dated:   New York, New York
         July 31, 2008

ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____
    Lisa T. Simpson
    666 Fifth Avenue
    New York, NY  10103-0001
    (212) 506-5000

    Neel Chatterjee (admitted *pro hac vice*)
    Robert W. Ricketson (admitted *pro hac vice*)
    1000 Marsh Road
    Menlo Park, CA 94025-1015
    (650) 614-7400


    Attorneys for Defendant VideoEgg, Inc.