UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
Capitol Records, LLC; Caroline Records, Inc.;   :
Virgin Records America, Inc.; EMI Blackwood
Music, Inc.; EMI April Music, Inc.; EMI Full    :
Keel Music, Inc.; EMI Virgin Music, Inc.; EMI
Robbins Catalog, Inc.; EMI Waterford Music,     :
Inc.; EMI Grove Park Music, Inc.; Colgems-
EMI Music, Inc.; and EMI Virgin Songs, Inc.,    :   INDEX No. 08 CV 5831 (HB)

       Plaintiffs,                             :

  vs.                                         :

VideoEgg, Inc.; hi5 Networks, Inc.; and Does    :
1-10.,

       Defendants.                             :
------------------------------------ X

## AFFIDAVIT OF RAMU YALAMANCHI

State of California       )
                    ) ss:
County of San Francisco   )

Ramu Yalamanchi, being duly sworn, deposes and says:

    1.    I am over the age of eighteen and have personal knowledge of the facts below, except to the extent otherwise stated. I am a founder and the Chief Executive Officer of hi5 Networks, Inc. ("hi5" or "the Company"). I submit this affidavit in support of hi5's Motion to Dismiss the Complaint or, Alternatively, to Transfer Venue.

    2.    Hi5 is incorporated and registered to do business in California with its principal place of business in San Francisco. It is a small, private, start-up company, less than six years old, with approximately 105 employees.

3. Hi5 operates a free social networking website found at www.hi5.com ("the website"). The hi5.com website allows users to create "profiles" to describe themselves, search for friends who have profiles, join discussion groups, and post comments on message boards. Hi5's predominant source of revenue is from the sale of advertisements displayed on the website.

4. Hi5 has never had any officers, employees, or agents residing in New York State.

5. Hi5 has never had any office, telephone, or telephone listing in New York State.

6. Hi5 has never been registered or licensed to transact business in New York State.

7. Hi5 has never leased or owned any plant, warehouse, retail space, or other type of real property in New York State.

8. Hi5 has never had any bank accounts in New York State.

9. Hi5 has never commenced legal action in New York State.

10. Hi5 has never designated anyone to accept service of process for the Company in New York State.

11. The website was not created and is not maintained on any computer equipment within New York State. All hi5 employees are located in San Francisco, and the website was created and is maintained on servers in California. All hi5.com software code is located on computers in California.

12. Hi5 does not intentionally target New York residents or address any content expressly to them.

13. Hi5 does not engage in any commercial transactions with visitors to the hi5.com website. Users of the website have never been charged any fees for membership, registration, or to view or use the content and capabilities of the website. To date, hi5 has never made any sales to its users or allowed any sales to be made on the website.

14. The website offers an opportunity for users to interact with one another. Interaction between users and hi5 is minimal and generally limited to registration and the provision of technical support.

15. Hi5 does not advertise the website to get new users. Hi5 primarily relies on word-of-mouth and on current users inviting their friends and acquaintances to promote the website. Hi5 has never advertised the website or solicited business in any print, television, or radio medium published in, broadcast to, available in, or otherwise targeted to New York State.

16. Advertisements by third parties appear on the website. There may have been, at some points, advertising content displayed on the website from third parties located in New York. None of the advertising was negotiated or sold through the website, and hi5 never sought out advertisers on the basis of their residing in New York.

17. Hi5 has occasionally entered into contracts with companies based in New York, but none of these contracts are related to the subjects at issue in this case.

18. All hi5 executives and employees who might serve as witnesses live and work in northern California.

19. No records, documents, or electronic storage material held by hi5 are located within New York State. All such documentation is located in northern California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Affidavit was executed on July 31, 2008, at San Francisco, California.

*Ramu Yalamanchi* (signature)
Ramu Yalamanchi

| STATE OF CALIFORNIA | ) |
|---|---|
|  | ) ss. |
| COUNTY OF SAN FRANCISCO | ) |

On July 31, 2008 before me, Aliza Allen, Notary Public, personally appeared Ramu Yalamanchi, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Witness my hand and official seal.

Signature _Aliza Allen_ (Seal)

ALIZA ALLEN
Commission # 1538752
Notary Public - California
San Francisco County
My Comm. Expires Dec 26, 2008